IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOSHUA AARON VAUSE,

        Case No. 3:13-cv-01040-HZ

        Petitioner,

    v.

MARION FEATHER,

        OPINION AND ORDER

        Respondent.

Alison M. Clark, Assistant Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, Oregon 97204

    Attorney for Petitioner

S. Amanda Marshall
United States Attorney
Natalie K. Wight, Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902

    Attorneys for Respondent

1 - OPINION AND ORDER

HERNANDEZ, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2241 challenging the Bureau of Prisons' decisions to: (1) establish a release date of October 16, 2013; and (2) require petitioner to serve his full 180-day community confinement portion of the Residential Drug Abuse Program ("RDAP") following an eight-month interruption. For the reasons that follow, the Petition for Writ of Habeas Corpus (#1) is denied.

<u>**BACKGROUND**</u>

Petitioner is currently serving a 46-month sentence for a conviction in the Eastern District of Washington for importation and possession with the intent to distribute ecstasy in violation of 21 U.S.C. §§ 841, 952, and 960. While incarcerated, the Bureau of Prisons ("BOP") accepted petitioner into the RDAP program and deemed him eligible for early release consideration.

After completing the residential component of RDAP on March 23, 2012, the BOP placed petitioner in a Residential Re-entry Center ("RRC") in Spokane to begin the community corrections component of his RDAP program, sometimes referred to as Transitional Drug Abuse Treatment ("TDAT"). The BOP required petitioner to participate in TDAT for 180 days. On June 7, 2012, the BOP allowed petitioner to move from the Spokane RRC to home confinement with his father. At that time, petitioner's projected release date was October 20, 2012.

After completing 68 days of his TDAT, on June 30, 2012, petitioner was arrested based on probable cause for a residential burglary at his ex-girlfriend's home.   When petitioner was apprehended leaving the area in question, he informed the police that he had an argument with his girlfriend over her new boyfriend whom she had started seeing while petitioner was in prison. Petition Exhibit A, p. 3.   Petitioner claimed that "nothing happened" and that he was simply retrieving his tools to use at his flooring job. *Id.* Petitioner was held in the county jail on a 72-hour investigative hold before being released to federal custody. No criminal charges were ever filed over this incident.

The director of petitioner's RRC filed an incident report on July 2, 2013 charging petitioner with Escape From Unescorted Community Program, and petitioner was returned to FCI-Sheridan pending the investigation.  On November 27, 2012, the Disciplinary Hearings Officer ("DHO") assigned to his case found that petitioner had committed the charged offense because he was not available for supervision by the RRC staff for a period greater than four hours. *Id* at 4.  As a result, petitioner was ordered back to prison and required to forfeit 41 days of his good-conduct time.  *Id.*

Petitioner took an administrative appeal asking the BOP Regional Office to expunge the Incident Report.  The BOP Regional Office, without specific explanation, expunged the Incident Report on May 8, 2013.  Petition Exhibit C.  As a result, the BOP

reinstated his 41 days of good-conduct time and again placed him in a RRC. Despite the expungement, and despite returning him to RRC placement on June 27, 2013, the BOP determined that petitioner was ineligible for the one-year sentence reduction under RDAP and set petitioner's release date at October 16, 2013, approximately one year later than his earlier projected release date of October 20, 2012. The BOP also rejected petitioner's request to adjust downward the amount of time he was required to participate in TDAT from 180 days to 120 days.

Petitioner alleges that the failure to restore his October 2012 release date violates his right to due process of law, and that the BOP's reimposition of a 180-day term in TDAT was both arbitrary and unwarranted.[1]

## DISCUSSION

### I.   Restoration of October 2012 Release Date

Petitioner asks this court to restore his 2012 projected release date which had been established for him prior to his arrest while on home confinement. This court lacks jurisdiction to revisit such individualized determinations made pursuant to 18 U.S.C. § 3621. See 18 U.S.C. § 3625; Reeb v. Thomas, 636 F.3d 1224, 1227-28 (9th Cir. 2011) ("federal courts lack jurisdiction to

---

[1]   Petitioner also appears to raise procedural due process challenges with respect to his disciplinary hearing. Because his disciplinary conviction was subsequently expunged, such challenges are moot.

4 - OPINION AND ORDER

review the BOP's individualized RDAP determinations made pursuant to 18 U.S.C. § 3621"). Although petitioner also contends that the BOP's decision to change his projected release date constitutes a due process violation because he had a liberty interest in early release by virtue of his enrollment in RDAP, there is no such liberty interest in early release irrespective of his enrollment status in RDAP. *Peck v. Thomas*, 697 F.3d 767, 774 (9th Cir. 2012); *Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1979).

While petitioner is correct that he has a right to consideration for early release, *Cort v. Crabtree*, 113 F.3d 1081, 1085 (9th Cir. 1997), he is still subject to early release consideration if he successfully completes the RDAP program. At the time he filed his Petition for Writ of Habeas Corpus, petitioner had not yet completed the community portion of RDAP and the court is not in position to make an individualized determination that petitioner presumably would have successfully completed the entire RDAP program had he not been arrested. Although petitioner also asks the court to afford him relief in equity, it declines to do so where petitioner has no statutory or constitutional right to the relief he seeks.

## II.   **180-Day TDAT Term**

Petitioner next claims that because the relevant BOP policy provides that TDAT can be completed within 120 days, the court may

find that the 180-day TDAT term imposed upon petitioner departs from BOP policy and is arbitrary and unwarranted. He claims that the BOP should have permitted him to complete the TDAT portion of RDAP as quickly as possible given that his arrest, disciplinary hearing, and subsequent expungement of his disciplinary conviction took eight months.

> BOP Policy Statement 5330.11 provides:

> Bureau experience and drug abuse treatment research demonstrate that successful community treatment cannot be completed in less than 120 days. Therefore, inmates who are approved for less than a 120-day RRC placement or home confinement cannot ordinarily complete the final component of RDAP, and are, therefore, ineligible for early release.

Reply Exhibit A, p. 1.

Consistent with this Policy Statement, the BOP originally imposed a 180-day TDAT term of which petitioner served 68 days before his arrest. Consequently, when he was returned to the TDAT portion of RDAP after his disciplinary conviction was expunged, he had 112 days remaining in his term. Although petitioner labels the refusal to reduce this term to the minimum required by the BOP's policy statements as arbitrary, nothing in PS 5330.11 requires the BOP to impose the bare minimum term. Indeed, PS 5330.11 requires **at least** 120 days of TDAT before an inmate can be deemed eligible for early release under RDAP. The BOP's compliance with its Program Statement does not render the decision arbitrary or capricious.

6 - OPINION AND ORDER

Moreover, petitioner's argument fails to take into consideration that RDAP is not simply a mechanism for an inmate to secure early release, but is specifically targeted to treat substance abuse issues. The interruption to petitioner's TDAT following his arrest would not have made that portion of his treatment more effective, thus it was entirely reasonable not to reduce the length of that treatment program. If anything, the interruption to petitioner's TDAT could have been a sound reason to either extend the term or require petitioner to begin the 180-day treatment term anew. Accordingly, petitioner's claim lacks merit.

### CONCLUSION

For the reasons identified above, the Petition for Writ of Habeas Corpus (#1) is denied.

IT IS SO ORDERED.

DATED this 14 day of November, 2013.

_____
Marco A. Hernandez
United States District Judge

7 - OPINION AND ORDER